# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LIMING WU,

    Plaintiff,

v.

SALLY JEWELL, Secretary of Department
of Interior, Bureau of Land Management,

    Defendant.

No. 14cv150 RB/WPL

Consolidated with:

No. 17cv113 MV/LF and
No. 18cv813 SCY

## MEMORANDUM OPINION AND ORDER CONSOLIDATING CASES

**THIS MATTER** comes before the Court *sua sponte*.

Plaintiff filed this case on February 18, 2014, asserting claims of discrimination based on race/national origin and age, unlawful employment practices pursuant to the New Mexico Human Rights Act, negligence, and retaliation arising from her employment with the Bureau of Land Management from 2010 to 2013. (*See* Doc. 4 (Am. Compl.).) In August 2015, the Court entered its Stipulated Order dismissing with prejudice all claims brought, or which could have been brought, against Defendant, and entered an Order granting Defendant's unopposed motion to enforce the settlement agreement between the Parties. (*See* Docs. 55; 57.) Plaintiff subsequently filed a motion to set aside the Stipulated Order of Dismissal and a motion to set aside the settlement agreement and the Order granting Defendant's motion to enforce the settlement agreement. (*See* Docs. 58; 65.) Both motions are pending.

On January 23, 2017, Plaintiff initiated a second case against Sally Jewell and others asserting claims of discrimination, retaliation, and negligence, among others, arising from her employment with the Bureau of Land Management from 2010 to 2015. *See Wu v. Jewell*, No. 17cv113 MV/LF, 3d Am. Compl. (D.N.M. Oct. 27, 2017). In this second case, Plaintiff has filed

two motions, still pending, to set aside the Stipulated Order dismissing her first case and to set aside the settlement agreement and the Order granting Defendant's motion to enforce the settlement agreement in her first case.

On August 27, 2018, Plaintiff initiated a third case pursuant to the Federal Tort Claims Act asserting a claim for negligence arising from her employment with the Bureau of Land Management from 2010 to 2015. *See Wu v. Seidlitz*, 18cv813 SCY, Compl. (D.N.M. Aug. 27, 2018).

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions that involve a common question of law or fact. Factors the Court considers when determining whether to consolidate cases include: (i) interests of justice; (ii) expeditious results; (iii) conservation of resources; and (iv) avoiding inconsistent results. *See* 8 Moore's Federal Practice § 42.10(4) (3d ed. 2018).

The Court will consolidate *Wu v. Jewell*, No. 17cv113 MV/LF (D.N.M.) and *Wu v. Seidlitz*, 18cv813 SCY (D.N.M.) with this case, *Wu v. Jewell*, No. 14cv150 RB/WPL (D.N.M.), because the facts in each case are substantially the same, and because the cases involve similar questions of law such as discrimination and negligence. Consolidating the cases will expedite the resolution of the cases, will conserve the resources of the Parties and the Court, and may avoid inconsistent results, without risk of prejudice or confusion.

All future filings for any of the consolidated cases shall be filed in *Wu v. Jewell*, No. 14cv150 RB/WPL.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE