IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LIMING WU,

    Plaintiff,

v.                                                NO. 14-CV-0150-RB-KRS

RYAN ZINKE,[1] Secretary of the               No. 17cv0113-RB-KRS
United States Department of the              No. 18cv0813-RB-KRS
Interior (Bureau of Land Management),        (consolidated)
LORETTA LYNCH, Attorney General
of the U.S. Department of Justice,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Leave to File [Fourth] Amended Complaint, filed on May 4, 2018. (Doc. 40.[2]) Having considered the submissions of the parties and the procedural posture of this case, the Court will grant Plaintiff's motion and give her until October 15, 2018, to file her Fourth Amended Complaint as described herein.

Federal Rule of Civil Procedure 15 governs amendments to pleadings. "Except when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)). Courts "should freely grant leave when justice so requires." *Id*. (quoting Fed. R. Civ. P. 15(a)(2)). Rule 15(a)(2)'s purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip*., 451 F.3d 1196, 1204 (10th

---

[1] Ryan Zinke became the Secretary of the Interior on March 1, 2017, and is automatically substituted as the defendant for the former Secretary. *See* Fed. R. Civ. P. 25(d).

[2] All references to the docket in this Opinion refer to the docket numbers as listed in 17cv0113.

Cir. 2006) (quotation omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

Whether to grant leave to amend a complaint pursuant to Rule 15(a) is within the trial court's broad discretion. *See Minter*, 451 F.3d at 1204 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). The court of appeals will not reverse a lower court's decision to permit an amendment unless the decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Bylin*, 536 F.3d at 1229 (quotation omitted).

Plaintiff filed her initial Complaint for Violations of Civil Rights on January 23, 2017. (Doc. 1.) Before Defendants answered, Plaintiff filed an Amended Complaint on August 8, 2017 (Doc. 12), a Second Amended Complaint on September 7, 2017 (Doc. 15), and a Third Amended Complaint on October 27, 2017 (Doc. 17). The Federal Rules of Civil Procedure state:

> (1) Amending as a Matter of Course. A party may amend its pleading **once** as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.
>
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1), (2) (emphasis added). Accordingly, Plaintiff's First Amended Complaint (Doc. 12) was properly filed "as a matter of course" under Rule 15. *See Gilles v. United States*, 906 F.2d 1386, 1387 (10th Cir. 1990) (amendment was proper "as a matter of course" under Rule 15(a) because government had not yet filed responsive pleading). Plaintiff did not, however, seek leave of the Court to amend her complaint for a second or third time, and

there is no indication that Defendants provided written consent for Plaintiff to file a second or third amended complaint.

After Plaintiff filed her Third Amended Complaint, Defendants filed a motion to dismiss the claims contained in all four complaints. (*See* Doc. 22.) Defendants argue in their Motion to Dismiss that, for a variety of reasons, Plaintiff's claims are futile. (*Id.*) After Defendants filed the Motion to Dismiss, Plaintiff moved to amend her complaint once again, adding new claims and a new defendant. (Doc. 40 at 7–25.) Plaintiff's several amended complaints and her proposed Fourth Amended Complaint contain some similarities and some differences with regard to the defendants named and the claims presented.[3]

This Court is obligated to liberally construe a pro se litigant's pleadings and hold them to a less stringent standard than those drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Each of Plaintiff's amended complaints contains language that Plaintiff "moves to

---

[3] For example, Plaintiff's initial Complaint names Sally Jewell, Aden Sedlitz, Sheila Mallory, Loretta Lynch and Karen Grohman as defendants. (Doc. 1 at 2.) Sally Jewell and Loretta Lynch are both named as defendants in Plaintiff's First Amended Complaint (Doc. 12 at 1, 2), but the other defendants named in the initial Complaint are only mentioned in the body of the First Amended Complaint (*see* Doc. 12 at 4–5, 10, 11). In Plaintiff's Second and Third Amended Complaints, Sally Jewell and Sheila Mallory are named as defendants, Karen Grohman is mentioned in the body of the complaints, and the other defendants, Aden Sedlitz and Loretta Lynch, are neither named nor mentioned. (Docs. 15; 17.) In Plaintiff's proposed Fourth Amended Complaint, she names Sally Jewell, Sheila Mallory, and Karen Grohman as defendants. (Doc. 40 at 7, 9.) The other defendants Plaintiff mentioned or named in prior complaints are not in the proposed Fourth Amended Complaint.

Plaintiff brings a claim for "Retaliation on the basis of Trade Secret Act Violation" in her Second and Third Amended Complaints that she does not bring in her initial or First Amended Complaints. Additionally, in Plaintiff's proposed Fourth Amended Complaint, she brings a claim that states "Sheila Mallory Violation Trade Secret Act (189 U.S.C. § 1905) Committed Conspiracy to Defraud the United States (18 U.S.C. § 371)." (Doc. 40 at 14.) In her initial Complaint and the First through Third Amended Complaints, Plaintiff brings a claim for discrimination based on the Americans with Disabilities Act that she does not bring in her proposed Fourth Amended Complaint. (*Compare* Docs. 12 at 6–7; 15 at 6–7; 17 at 6–7, *with* Doc. 40.) Instead, she brings a claim for discrimination based on the Rehabilitation Act. (Doc. 40 at 16–17.) These are just a few examples of the differences between Plaintiff's amended and proposed amended complaints.

3

amend her complaint to include the following claims." (Docs. 12 at 1; 15 at 1; 17 at 1; 40 at 7.) Plaintiff attached several documents to her First Amended Complaint (Doc. 12 at 13–71), and attached one document to her Second Amended Complaint (Doc. 15 at 14). There are no attachments to Plaintiff's Third Amended Complaint, although it references several attachments. (Doc. 17 at 13.) Plaintiff attached several documents to her proposed Fourth Amended Complaint. (Doc. 40 at 26–54.) It is unclear whether Plaintiff intends for each new amendment to be an addition to her initial complaint or a change to the previously filed complaint in its entirety. Given the confusion regarding Plaintiff's claims and the defendants she wishes to include in this lawsuit, the Court will grant Plaintiff's motion to amend.

Although the Court will liberally construe Plaintiff's pleadings, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted)). Plaintiff's Fourth Amended Complaint must comply with Federal Rules of Civil Procedure, including Rules 8, 10, and 11, which lay out the requirements of proper pleading.

Further, pursuant to Rule 8, "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "'a court must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] plaintiff must offer specific factual allegations to support each claim." *Id.* (citation omitted). A complaint survives only if it "states a plausible claim for relief." *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

4

statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Thus, while the Court will permit Plaintiff to file her Fourth Amended Complaint, it must stand alone; she cannot rely on any of the previously filed complaints to state her causes of action. Should Plaintiff choose not to file an amended complaint, Defendants may refile their motion to dismiss and need only address the First Amended Complaint (Doc. 12), which is currently the operative complaint.

To the extent that any other named Defendants have viable grounds for dismissing some or all of the claims raised in Plaintiff's Fourth Amended Complaint, those arguments would be more efficiently raised in a new Rule 12(b)(6) motion that addresses the operative complaint, rather than indirectly under Rule 15(a). *See Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) ("Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.").

Moreover, since the filing of these motions, this lawsuit has been consolidated with a related action: *Wu v. Jewell*, 14cv0150. A decision on the motions pending in 14cv0150, together with the Motion to Set Aside Settlement Agreement that Plaintiff filed in this action (Doc. 56), may be dispositive of all of Plaintiff's claims here.

For these reasons, the Court will deny Defendants' Motion to Dismiss as moot. *See*, *e.g.*, *Terracon Consultants, Inc. v. Drash*, No. 12-2345-EFM, 2013 WL 1633510, *2 (D. Kan. Apr. 16, 2013) ("Because the motion to amend is granted, defendant's pending motion to dismiss [] is moot."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) ("Defendants' motions to dismiss are technically moot because they are directed at a pleading that is no longer operative."). The Court also denies Plaintiff's Motion for Leave to File a Surreply (Doc. 32) as moot because it pertains to Defendants' Motion to Dismiss.

**IT IS THEREFORE ORDERED** that:

1) Plaintiff's Motion for Leave to File [Fourth] Amended Complaint (Doc. 40) is **GRANTED**. Plaintiff will have through October 15, 2018, to file her final, comprehensive amended complaint.

2) Defendants' Motion to Dismiss Plaintiff's Amended Complaints for Lack of Subject Matter Jurisdiction and Failure to State a Claim and Motion for Summary Judgment and Memorandum in Support (Doc. 22) is **DENIED** as moot.

3) Plaintiff's second and third amended complaints are **STRICKEN** for failure to obtain leave of court to file either complaint.

4) Plaintiff's Motion for Leave to File Surreply to Respond to New Arguments in Defendants' Reply Brief (Doc. 32) is **DENIED** as moot.

The Clerk is directed to mail a copy of this order to Plaintiff Liming Wu at her current address of record.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE