# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LIMING WU,
        Plaintiff,

v.                                                           No. CIV 14-0150 RB/KRS
                                                                 consolidated with
                                                                 17cv0113 RB/KRS
                                                                 18cv0813 RB/KRS

RYAN ZINKE, Secretary of the United States
Department of the Interior, et al.,
        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Ms. Liming Wu's Motions to Set Aside Stipulated Order of Dismissal with Prejudice, filed on May 31, 2018 (Doc. 58;[1] 17cv0113, Doc. 42), and Ms. Wu's Motions to Set Aside Settlement Agreement and Order of (sic) Granting Defendant's Motion to Enforce Settlement Agreement, filed on August 20, 2018 (Doc. 65; 17cv0113, Doc. 56).

**I.**     **Factual and Procedural Background**

Ms. Liming Wu was employed as a geologist with the Bureau of Land Management (BLM), an agency of the United States Department of the Interior (DOI). (Doc. 74 (4th Am. Compl.) ¶ 4.) In early 2014, Ms. Wu, acting pro se, filed her original civil rights complaint against the DOI in this Court. (*See* Doc. 1.) She retained counsel and filed two amended complaints, bringing claims for race, national origin, and age discrimination; retaliation; and negligence under federal and state law. (*See* Docs. 4; 11-1.)

In June 2015, Ms. Wu, accompanied by her son and represented by her attorney, Ms. Katherine Ferlic, attended a mediation with the DOI. (*See* Doc. 45.) The parties did not settle that

---

[1] All citations to the docket in this Opinion refer to documents in 14cv0150 unless otherwise specified.

day, but the DOI left its settlement offer open. (*See id.*; *see also* Doc. 61 at 2.) After further negotiations, the parties settled on terms and signed a settlement agreement (the Agreement) on July 22, 2015. (Doc. 53-1.) The Agreement provided that any revocation must be delivered within one week, or no later than July 29, 2015, to be valid. (*See id.* ¶ 8; 61 at 2.) On July 27, 2015, Ms. Wu had a change of heart and informed her attorney that she wanted to revoke the Agreement. (*See* Doc. 58 at 3.) She and Ms. Ferlic met on July 28, 2015, and discussed the matter for much of the day. (*Id.* at 9.) That evening, Ms. Ferlic directed her assistant to deliver the revocation letter to FedEx. (*Id.*) FedEx delivered the letter on July 30, 2015, one day after the agreed-upon deadline. (*See id.* at 25.)

Unaware that the letter would arrive after the deadline, Ms. Ferlic filed a motion to inform the Court that the parties were still negotiating settlement and to request an extension of certain deadlines. (*See* Doc. 49.) Ms. Wu was ordered to return to work on August 3, 2015. (*See* Doc. 58 at 5.) Under great stress due to a burdensome work assignment, Ms. Wu lost consciousness at her home early on August 4, fell, and hit her head, suffering a traumatic brain injury. (*See id.*)

On August 5, 2015, citing Ms. Wu's untimely revocation, the DOI moved to enforce the parties' Agreement. (Doc. 53.) Ms. Wu filed a notice of consent to the DOI's motion—and of her intent to abide by the Agreement—on the same day. (Doc. 54.) The Court granted the DOI's motion. (Doc. 55.) Within a week, Ms. Wu filed a stipulated motion to dismiss the lawsuit, and the Court entered its stipulated order dismissing the case with prejudice. (Docs. 56; 57.)

Pursuant to the terms of the Agreement, the DOI paid Ms. Wu $200,000 and promised to send her a neutral letter of recommendation, and Ms. Wu retired from federal service. (*See* Doc. 53-1 ¶¶ 7, 18.) Ms. Wu also agreed to withdraw and dismiss all of her complaints and appeals then pending, including: (1) her appeal before the Merit Systems Protection Board (MSPB), DE-1221-

15-0316-W-1; (2) her complaint before the Equal Employment Opportunity Commission (EEOC), BLM-14-0120; and (3) "any other formal or informal claim filed, or which could be filed with any other judicial body or administrative agency." (*Id.* ¶ 3, *see also id.* at 1; Docs. 83-1 (BLM-14-0120 complaint); 83-2 (MSPB appeal); 72 at 11–14 (MSPB jurisdictional statement).) In both administrative proceedings, Ms. Wu shared information about her supervisor, Ms. Sheila Mallory, who Ms. Wu alleged retaliated against her by directing another employee to reevaluate some work Ms. Wu had completed. (*See* Docs. 72 at 13; 83-1 at 24.) Ms. Wu alleged that Ms. Mallory's conduct violated the Trade Secrets Act, 18 U.S.C. § 105 (Doc. 72 at 13), the Federal Final Rule on Energy and Mineral Resources Cost Recovery, and the Whistle Blower Protection Act (Doc. 83-1 at 24–25.) Ms. Wu asserts that the DOI and its attorney, AUSA Karen Grohman, had notice of Ms. Mallory's conduct since at least April 2015. (Doc. 72 at 3.)

Since the dismissal of her 2014 lawsuit, Ms. Wu has filed an additional EEOC complaint and two more lawsuits. (*See* Doc. 83-C (EEOC complaint, No. DOI-BLM-15-0909); *see also* 17cv0113; 18cv0813.) The Court consolidated her three cases. (Doc. 67.) Ms. Wu now asks the Court to set aside its order dismissing the 2014 lawsuit, the parties' Agreement, and the Court's order granting the motion to enforce the Agreement.

**I.  Legal Standards**

Plaintiff's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

"Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a judgment or order for" a variety of reasons. *See Payne v. Tri-State Careflight, LLC*, 322 F.R.D.

3

647, 668 (D.N.M. 2017)). Relevant here, the Rule may relieve a party from judgment where there is "mistake, inadvertence, surprise, or excusable neglect;" Fed. R. Civ. P. 60(b)(2), "fraud . . . , misrepresentation, or misconduct by an opposing party;" Fed. R. Civ. P. 60(b)(3), or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A party seeking relief under Rule 60(b)(1) through (3) must bring her motion "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "This deadline may not be extended and is not subject to the court's discretion." *Payne*, 322 F.R.D. at 668 (citing Fed. R. Civ. P. 6(b)(2)).

A motion under Rule 60(b)(6) does not have a strict time limit, but "must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). "[T]o avoid abrogating the one-year time limit for rule 60(b)(1) to (3), rule 60(b)'s 'provisions are mutually exclusive, and thus a party who failed to take timely action due to [one of the enumerated reasons] may not seek relief more than a year after the judgment by resorting to subsection (6).'" *Payne*, 322 F.R.D. at 668 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 393 (1993) (internal quotation marks and citation omitted)).

### III. Analysis

#### A. The Court will not set aside the stipulated dismissal of the 2014 lawsuit.

On August 17, 2015, the Court entered a stipulated order dismissing Ms. Wu's 2014 lawsuit with prejudice pursuant to Rule 41(a)(1)(A)(ii). (*See* Doc. 57 at 1.) *See also* Fed. R. Civ. P. 41(a)(1)(A)(ii) (allowing the plaintiff to file a voluntary dismissal "by filing . . . a stipulation of dismissal signed by all parties who have appeared"). The stipulated order "terminate[d] the . . . [C]ourt's jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b) . . . .'" *Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 322 (quoting *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 995–96 (6th

Cir. 1987) (internal quotation marks and citation omitted)). Ms. Wu moves to set aside the stipulated order pursuant to Rule 60(b)(6). (*See* Doc. 58 at 4.) The DOI contends that Ms. Wu's motion is neither timely nor supported by extraordinary circumstances. (*See* Doc. 61.)

### 1. Ms. Wu could have brought her claims for fraud under Rule 60(b)(3).

Ms. Wu believes that her supervisor, Ms. Mallory, violated certain federal statutes as retaliation against Ms. Wu, and that the DOI's attorney, AUSA Grohman, fraudulently concealed Ms. Mallory's conduct during the course of the litigation. (*See* Doc. 58 at 10–11.) While Ms. Wu does not raise the prospect of relief under Rule 60(b)(3), the DOI argues that her requested relief here should have been brought under that subsection. (Doc. 61 at 10–11.) "Rule 60(b)(3) allows a court to relieve a party from a final judgment based on 'fraud[,] . . . misrepresentation, or other misconduct of an adverse party." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (quoting Fed. R. Civ. P. 60(b)(3)). To succeed on such a claim, the party "must show 'clear and convincing proof' of" the alleged fraud. *Id.* (quotation marks and citations omitted). This rule "is aimed at judgments which were unfairly obtained," and "the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id.* (quotations and citation omitted).

Here, Ms. Wu contends that AUSA Grohman fraudulently concealed Ms. Mallory's alleged crimes and the fact that Ms. Mallory had been promoted during the pendency of the lawsuit. (Doc. 64 at 6.) Ms. Wu asserts she would not have signed the Agreement if she had known of the promotion. (*Id.*) Yet she does not explain how the alleged crimes or promotion are relevant to the parties' Agreement, the stipulated dismissal, or the Court's analysis under Rule 60(b). More importantly, she has not demonstrated that any alleged misrepresentation or omission regarding this information substantially interfered with her ability to litigate her case. Thus, she has failed to

5

show fraud that is actionable under Rule 60(b)(3). Even if she could show fraud that substantially interfered with her ability to litigate, her claim would be time-barred under Rule 60(c)(1).

To the extent that Ms. Wu asserts the DOI perpetrated a fraud on the Court by failing to share this information, she is required to show that the DOI and/or AUSA Grohman demonstrated "'an intent to deceive or defraud the court,' by means of a 'deliberately planned and carefully executed scheme.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995) (internal quotation omitted)). Ms. Wu has made no allegations sufficient to show either of these elements. Consequently, she is unable to use "fraud on the Court" as a basis for this Court to set aside its stipulated order of dismissal. *See* Fed. R. Civ. P. 60(d)(3).

### 2. Ms. Wu has not shown extraordinary circumstances to justify the requested relief.

The Tenth Circuit has said that "Rule 60(b)(6) relief is even more difficult to attain [than relief under Rule 60(b)'s more specific provisions] and is appropriate only 'when it offends justice to deny such relief.'" *Yapp*, 186 F.3d at 1231 (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks and citation omitted)). Here, Ms. Wu presents a variety of justifications for her request for relief.

First, she argues that her traumatic brain injury rendered her unable to deal with complex legal issues. (Doc. 58 at 5.) The Tenth Circuit has denied relief under Rule 60(b)(6) to a pro se plaintiff who suffered from mental illness but did not show that he was "confined to a mental institution or under inpatient care" for an appreciable amount of time. *See Cothrum v. Hargett*, 178 F. App'x 855, 858 (10th Cir. 2006). The Court is sympathetic to Ms. Wu's injury, but as the DOI notes, Ms. Wu has not come forward with any documentation to show that she was actually

prevented from pursuing her legal rights for the past 33 months due to her injury. (*See* Doc. 61 at 15.) Further, Ms. Wu was represented by counsel from the time of her injury through the close of the 2014 lawsuit, including on the date she filed the stipulated motion to dismiss the case. (*See* Doc. 56.)

Second, she argues that she was unable to pursue her legal rights because she was impoverished. (Doc. 58 at 5.) In *Ackermann v. United States*, 340 U.S. 193 (1950), the Supreme Court held that the plaintiff was not entitled to relief under Rule 60(b)(6) where he made a "calculated and . . . free choice" not to file an appeal after being advised that he would need to sell his home in order to afford the legal costs of an appeal. 340 U.S. at 198. In short, poverty is not an "extraordinary circumstance" that entitles a plaintiff to Rule 60(b)(6) relief.

Third, Ms. Wu contends that she did not voluntarily sign either the Agreement or the stipulation to dismiss her lawsuit, because she was "under undue influences, duress[,] and misrepresentation . . . ." (Doc. 58 at 6.) The parties do not dispute that Ms. Wu could waive her claims as part of the Agreement, provided the waiver was knowing and voluntary. (*See* Docs. 58, 61.) *See also*, *e.g.*, *Phillips v. Moore*, 164 F. Supp. 2d 1245, 1250 (D. Kan. 2001) (noting that "the Tenth Circuit has long recognized that an employee may waive potential employment discrimination claims by agreement so long as the employee's waiver of such claims is knowing and voluntary") (citing *Torrez v. Pub. Serv. Co. of N.M., Inc.*, 908 F.2d 687, 689 (10th Cir. 1990)). Plaintiff does not assert facts sufficient to show *how* her consent was rendered involuntary. She states that AUSA Grohman "compelled" her to accept the Agreement when the DOI filed the motion to enforce the settlement. (*See* Doc. 58 at 6.) The filing of a motion in Ms. Wu's own lawsuit is not enough to establish duress. Ms. Wu also mentions that she was under duress because she had to report to work under Ms. Mallory's supervision on August 3, 2015. (*Id.*) But Ms. Wu

7

originally signed the Agreement before August 3, 2015. Additionally, she had the benefit of both her attorney and her son's presence at mediation, she was counseled during the time she had to think about whether to sign the Agreement, and she talked to her attorney at length before she attempted to send the revocation letter. Ms. Wu simply has not alleged facts sufficient to show that she involuntarily signed either the Agreement or the stipulation of dismissal.

Fourth, Ms. Wu claims the DOI failed to send her a neutral letter of recommendation as promised in the Agreement, and this failure is sufficient to establish extraordinary circumstances. (*Id.* at 7–8.) Accepting as true the DOI failed to send the letter of recommendation, the Court finds that this failure is not extraordinary enough to merit relief under Rule 60(b)(6). The Rule "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice . . . .'" *Pedroza*, 304 F.R.D. at 329 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (quoting *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949) (subsequent citation omitted))). Plaintiff does not explain why she did not simply ask the DOI to provide the letter earlier, nor why the DOI's provision of the letter in response to her motion (*see* Doc. 61-3) is insufficient to accomplish justice.

Fifth, Ms. Wu alleges that her attorney was grossly negligent in refusing to share allegations that Ms. Mallory committed crimes, in delivering the 2015 revocation letter late, and in refusing to file another EEOC complaint. (*See* Doc. 58 at 8–9.) Ms. Wu first alleges that she told Ms. Ferlic about Ms. Mallory's crimes, and Ms. Ferlic decided not to address them during the lawsuit based on her judgment that Ms. Wu might have been sued if she made the allegations. Ms. Ferlic made "[a] deliberate decision based upon [her] understanding of the law . . . ." *See Thompson v. THI of N.M. at Casa Arena*, No. CIV 05-1331 JB/LCS, 2008 WL 5999653, at *18 (D.N.M. Dec. 24, 2008) (citing *Yapp*, 186 F.3d at 1231). Ms. Wu abided by that decision during the course of

the lawsuit. The Tenth Circuit has held that such a decision "is not a basis for relief under rule 60(b)(1)." *See id.* (citing *Yapp*, 186 F.3d at 1231). Nor is this decision an extraordinary circumstance that justifies relief under Rule 60(b)(6). As the Court noted earlier, Ms. Wu fails to show that this issue has any bearing on the parties' Agreement or the stipulated dismissal.

Ms. Wu next complains that Ms. Ferlic sent the revocation letter too late. However, Ms. Wu apparently consented to spend much of the day discussing her revocation with Ms. Ferlic, and both knew of the firm delivery deadline. That they did not end the conversation earlier so the revocation letter could be delivered within the agreed-upon time period does not provide a basis for relief now. "[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Yapp*, 186 F.3d at 1231 (citations omitted). The late delivery of the letter is not a "litigation mistake[] that [she] could not have protected against, such as counsel acting without authority." *Id.* (citation omitted); *see also Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145 (10th Cir. 1990) (Rule 60(b) does not provide a remedy "for an attorney's carelessness") (quotation marks and citation omitted). This mistake is not sufficient to warrant relief under Rule 60(b)(6).

Ms. Wu also argues that Ms. Ferlic was grossly negligent for refusing to file another EEOC complaint after the 2014 lawsuit ended. This decision has no bearing on the 2014 lawsuit, the parties' Agreement, or the stipulated order of dismissal. Further, Ms. Ferlic's refusal to file the complaint is not the type of event that would "render enforcement of the judgment inequitable." *Cashner*, 98 F.3d at 579 (citations omitted). Consequently, Ms. Wu is not entitled to relief on the issue of attorney negligence.

Finally, Ms. Wu complains that in requiring her to return to work on August 3, 2015, Ms. Mallory violated an EEOC regulation. (17cv0113, Doc. 55 at 7–8.) She does not, however, explain

9

why an alleged EEOC violation provides extraordinary circumstances to vacate the stipulated order of dismissal, which both parties agreed to *after* August 3, 2015. (*See* Doc. 56.)

In sum, Ms. Wu has not shown extraordinary circumstances sufficient to justify relief under Rule 60(b). The Court will deny her motions to set aside the stipulated order of dismissal with prejudice. (Doc. 58; 17cv0113, Doc. 42.)

### B. The Court lacks jurisdiction to set aside the Agreement or the order enforcing the Agreement.

Ms. Wu asks the Court to set aside the parties' Agreement and the Court's order granting the DOI's motion to enforce the Agreement. (Doc. 65; 17cv0113, Doc. 56.) She believes that because the DOI "breached" the Agreement by failing to send a letter of recommendation, the Court has jurisdiction to hear her motion under *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). (*See* Doc. 65 at 7–8.) In that case, however, the Supreme Court found that if parties to a settlement agreement "*wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so" by incorporating such a term into the dismissal order. *See* 511 U.S. at 381; *see also Pedroza*, 304 F.R.D. at 315. Thus, if the stipulated order had contained such a term, then the Court would have "ancillary jurisdiction to enforce the agreement . . . ." *See Kokkonen*, 511 U.S. at 381; *see also Pedroza*, 304 F.R.D. at 315.

The stipulated order of dismissal in Ms. Wu's case was unconditional—the Court did not retain authority over the Agreement. (*See* Doc. 57.) Accordingly, the Court does not have automatic jurisdiction over the Agreement now, except as provided under Rule 60(b). *See Macias v. N.M. Dep't of Labor*, 300 F.R.D. 529, 551 (D.N.M. 2014) (noting that "an unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed. R. Civ. P.] 60(b)") (quoting

*Smith v. Phillips*, 881 F.2d 1178, 1190 (10 Cir. 1989) (internal citations omitted)); *accord SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010) (finding that district court had not retained ancillary jurisdiction to enforce a settlement agreement and remanding "with instructions to dismiss for lack of jurisdiction"). The Court has denied Ms. Wu's motion to set aside the order of dismissal under Rule 60(b), thus it does not have jurisdiction to consider her motion to set aside the Agreement or the order granting the motion to enforce the Agreement.

Even if the Court had jurisdiction to consider Ms. Wu's motion, it would find that she has failed to show good cause to set aside either the Agreement or the order granting the motion to enforce the agreement. With respect to the Court's order granting the DOI's motion to enforce (Doc. 55), the Court notes that Ms. Wu filed a notice of consent on August 5, 2015, withdrawing her opposition to the DOI's motion to enforce. (Doc. 54.) In that filing, she also gave notice of her intent "to abide by the Parties' settlement agreement . . . ." (*Id.* at 1.) Ms. Wu has made no attempt to establish that this filing was not knowing or voluntary, or that other extraordinary circumstances justify her requested relief. (*See* Docs. 65; 72; 17cv0113, Doc. 56.)

With respect to the parties' Agreement, Ms. Wu first claims that the Agreement was "tainted with invalidity" due to conduct by AUSA Grohman. (Doc. 65 at 4–5.) Specifically, she contends that AUSA Grohman invalidated the Agreement by concealing Ms. Mallory's alleged crimes and by fraudulently attesting in the Agreement that the DOI and "its officers deny that they individually or collectively . . . violated any Federal or State laws, rules, regulations, or policies . . . ." (*Id.* at 4 (quoting Doc. 53-1 ¶ 13).) The DOI points out that the paragraph Ms. Wu "quotes is [a] general denial of liability that is found in the vast majority of all settlement agreements." (Doc. 66 at 7 n.3.) Moreover, the DOI argues, Ms. Wu "fails to explain why Ms. Mallory's purported criminal violations are relevant to" the parties' Agreement. (*Id.* at 7.) The Court agrees.

11

While it is true that Ms. Wu referenced Ms. Mallory's alleged wrongdoings in the administrative proceedings that were the basis of her lawsuit (*see* Docs. 83-1 at 24–26, 42–47, 53; 83-2 at 13–14), Ms. Wu does not have a private right of action against Ms. Mallory under either 18 U.S.C. § 1905 or 18 U.S.C. § 371. *See Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980) (noting that "[t]he Trade Secrets Act, 18 U.S.C. § 1905, does not imply a private right of action") (citation omitted); *Fairfax v. Comm'r of Soc. Sec.*, 443 F. App'x 730, 730 (finding that plaintiff did "not have a private right of action . . . under 18 U.S.C. § 371 for [an] alleged conspiracy to reevaluate his disability").[2] Ms. Wu has failed to demonstrate that Ms. Mallory's alleged crimes provide a basis to invalidate the parties' Agreement.

Second, Ms. Wu contends that she was coerced into signing the Agreement and signed it under duress. (Doc. 65 at 5–7.) Ms. Wu fails to demonstrate facts to support this argument. As the Court noted in Section III(A) above, Ms. Wu had the benefit of counsel throughout mediation and through the conclusion of the lawsuit; her son accompanied her to the mediation; she had a lengthy time period to consider the Agreement before signing it; and she talked to her attorney at length before she attempted to send the revocation letter. The DOI also notes that "[b]y signing the Settlement Agreement, Plaintiff represented" that she had "read [the] entire document, . . . knowingly, voluntarily, and in good faith entered into [the] Settlement Agreement," was "not induced by or through fraud, misrepresentation, duress, threat, or coercion," and "fully [understood] all terms and conditions described in" the Agreement. (Doc. 66 at 3 (quoting Doc. 53-1 ¶ 2).) Ms. Wu signed the Agreement and attempted to revoke it before she sustained the

---

[2] Ms. Wu claims in her Fourth Amended Complaint that AUSA Grohman obstructed proceedings relevant to the first lawsuit in violation of 18 U.S.C. § 1505. (*See* 4th Am. Compl. ¶¶ 63, 66.) Again, this statute does not create a private right of action, *see de Pacheco v. Martinez*, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007), and it is not an appropriate basis to find that the parties' Agreement was "tainted with invalidity."

traumatic brain injury, and she continued to have the benefit of counsel after her injury, when she withdrew her objection to the Agreement and signed the stipulated motion to dismiss the lawsuit. Consequently, Ms. Wu has failed to show that she involuntarily accepted the terms of the Agreement.

While the Court finds that it lacks jurisdiction to give Ms. Wu the relief she requests in this motion, it would also deny her motion on the merits for the reasons discussed in this Section and in Section III(A) of this Opinion.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motions to Set Aside Stipulated Order of Dismissal with Prejudice (Doc. 58; 17cv0113, Doc. 42) are **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Set Aside Settlement Agreement and Order of (sic) Granting Defendant's Motion to Enforce Settlement Agreement, (Doc. 65; 17cv0113, Doc. 56) are **DISMISSED FOR LACK OF JURISDICTION**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE