IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LIMING WU,
        Plaintiff,

v.
        No. CIV 14-0150 RB/KRS
        consolidated with
        17cv0113 RB/KRS
        18cv0813 RB/KRS

RYAN ZINKE, Secretary of the United States
Department of the Interior, et al.,
        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of Order Consolidating Cases and for Judicial Recusal of the Honorable Brack from Presiding as Judge in this Actions [sic], filed on October 12, 2018. (Doc. 73.) Having considered the parties' arguments and the relevant law, the Court will **deny** the motion.

**I.    Motion to Reconsider**

On September 13, 2018, the Court entered a Memorandum Opinion and Order (the "Order") consolidating the three cases Ms. Liming Wu (Plaintiff) has filed in this Court.[1] (*See* Doc. 67.) Plaintiff now moves the Court to reconsider its decision to consolidate her cases pursuant to Federal Rule of Civil Procedure 54(b). (*See* Doc. 73.) Plaintiff argues that reconsideration is appropriate because the Court mischaracterized her claims in its Order and because there has been an intervening change in the controlling law.

---

[1] The Court provided a summary of the pertinent facts in Plaintiff's actions in its Memorandum Opinion and Order denying Plaintiff's motions to set aside the settlement agreement and stipulated order of dismissal in 14cv0150, and incorporates those facts herein. (*See* Doc. 107 at 1–3.)

### A. Legal Standard

Federal Rule of Civil Procedure 54(b) provides that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Court reviews a motion under Rule 54(b) using the same standards it uses to review a motion to alter or amend a judgment pursuant to Rule 59(e). *See Casanova v. Ulibarri*, No. CIV 08-288 JAP/CG, 2016 WL 8136014, at *1 (D.N.M. Mar. 2, 2016). "Under either rule, a court may grant a motion for reconsideration in three circumstances: when there is 'an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

### B. Plaintiff has identified no circumstance sufficient for the Court to reconsider its Order.

Plaintiff's motion to reconsider is largely based on her concerns that the Court's consolidation of the three actions has somehow changed or deleted some of her claims or the defendants. (*See* Doc. 73 at 10 (arguing that the Order "concealed Defendant Aden Seidlitz from the case[ and] eliminated questions of law").) Plaintiff also believes that the Order "generalize[d the] independent nature of Plaintiff's underlying claims and their separate and distinct identities." (*Id.*) Misquoting language from the Order, she argues that the Court mischaracterized her claims by focusing on the state claims and omitting her claims arising under federal law. (*Id.* at 8 (quoting Doc. 67 at 1).) Her quote reads, "Plaintiff filed this case on February 18, 2014, pursuant to the New Mexico Human Rights Act." (Doc. 73 at 8.) Yet, the Court's Order actually reads: "Plaintiff filed this case on February 18, 2014, *asserting claims of discrimination based on race/national*

2

*origin and age*, unlawful employment practices pursuant to the New Mexico Human Rights Act, negligence, and retaliation . . . ." (Doc. 67 at 1 (emphasis added).) The Court did *not* omit her federal claims, it simply recited the basic claims without citing the applicable statutes the claims arise under. (*See id.*) Even if the Court had neglected to specifically mention one of her claims, the Order consolidating the actions does not change the nature of the actions themselves.

Consolidation does not delete claims or defendants. It simply gathers all of the claims into one action before one judge in order to conserve resources. After cases have been consolidated, "the actions do not lose their separate identity; the parties to one action do not become parties to the other." *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1090 (D.N.M. 2005) (quoting *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982)) (internal citations omitted). "Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's façade, lie [three] individual cases." *Id.* at 1094 (citations omitted).

Plaintiff argues that the Supreme Court's decision in *Hall v. Hall*, 138 S. Ct. 1118, 200 L. Ed. 2d 399 (2018), lends support to her position. (*See* Doc. 73 at 9–10.) In *Hall*, the Supreme Court found that where cases are consolidated under Federal Rule of Civil Procedure 42(a), and one (but not all) of the constituent cases receives a final decision, that decision is immediately appealable. 138 S. Ct. at 1131. *Hall* is inapplicable to Plaintiff's motion, because she is not seeking to appeal any of her three cases.

In sum, Plaintiff has not provided a reason for the Court to reconsider its Order. As the Court found previously, Plaintiff's three cases present common questions of law and fact, and consolidation is appropriate. The Court will deny Plaintiff's motion to reconsider.

**II.     Motion to Recuse**

Plaintiff argues that the undersigned should recuse from this matter for five reasons: first, because the stipulated order specified that 14cv0150 was dismissed "with prejudice," the undersigned's impartiality might reasonably be questioned; second, because the Court has entered orders penalizing Plaintiff; third, because the Court has provided "technical guidance" to Defendants; fourth, because the Court is considering an "appeal" from an order entered earlier in this matter; and fifth, because the undersigned has a "professional relationship" with one of the defendants in this matter. (*See* Doc. 73 at 11–15.) Plaintiff's arguments are entirely unavailing.

Plaintiff moves for recusal pursuant to 28 U.S.C. § 455, which "requires a judge to disqualify himself 'in any proceeding in which his impartiality might reasonably be questioned.'" *Jimenez v. Stone*, No. 11-CV-0707 WJ/SMV, 2013 WL 12180746, at *2 (D.N.M. July 26, 2013) (quoting 28 U.S.C. § 455(a)). "The standard for determining disqualification is not subjective, but rather whether a reasonable person would be concerned that the judge was biased." *Id.* (citing *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000)).

<u>A dismissal "with prejudice" does not implicate partiality.</u>

Plaintiff first argues that her original case was dismissed "with prejudice," which is itself an "injustice." (Doc. 73 at 11–12.) To the extent that Plaintiff argues the dismissal of her case should be set aside, the Court has already found her arguments unpersuasive. (*See* Doc. 107.) Alternatively, if her argument lies in the term "with prejudice," it appears that she simply misunderstands the legal significance of this phrase. To dismiss an action with prejudice means that the court "has made a final determination on the merits of the case, and that the plaintiff is therefore forbidden from filing another lawsuit based on the same grounds." Dismissal with prejudice, *Nolo's Plain English Law Dictionary*, https://www.law.cornell.edu/wex/dismissal_

with_prejudice. It does not convey a prejudicial attitude by the Court toward either party.

<u>The Court's previous orders denying Plaintiff's requested relief do not demonstrate partiality.</u>

Plaintiff next argues that the Court "double penalized" Plaintiff for her "trivia[l] error[s], showing his bias towards Plaintiff." (Doc. 73 at 12.) Plaintiff refers to two motions requesting an extension of time to file briefs (Docs. 62; 69), and the Court's orders denying them (Docs. 63; 70).

On May 31, 2018, Plaintiff filed a Motion to Set Aside Stipulated Order of Dismissal with Prejudice. (Doc. 58.) Defendants responded on June 27, 2018. (Doc. 61.) Under this Court's Local Rules, Plaintiff's reply brief was due on July 11, 2018. *See* D.N.M. LR-Civ. 7.4(a) (providing that a reply brief "must be served and filed within fourteen (14) calendar days after service of the response"). Rather than filing a reply brief on July 11, Plaintiff filed a motion for an extension and requested "[four] more weeks to file her reply" brief. (*See* Doc. 62.) The Court cited the Local Rule that "requires a movant to 'determine whether a motion is opposed'" and informed Plaintiff that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." (Doc. 63 (quoting D.N.M. LR-Civ. 7.1(a)).) Rather than summarily deny her motion, however, the Court allowed her an additional nine days and directed her to file her reply brief by July 20, 2018. (*See id.*)

On August 20, 2018, Plaintiff filed a motion to set aside the parties' settlement agreement. (Doc. 65.) Defendants responded on August 30, 2018 (Doc. 66), making Plaintiff's reply brief due on September 13, 2018. *See* D.N.M. LR-Civ. 7.4(a). On September 13, 2018, Plaintiff filed a motion for an extension of time, requesting an additional two weeks to file a reply brief. (*See* Doc. 69.) Again, Plaintiff omitted any mention of whether she requested concurrence from Defendants. (*See id.*) Consequently, the Court denied her request for a two-week extension and ordered Plaintiff to file her reply no later than September 21, 2018. (*See* Doc. 70.)

5

The Court did not "double penalize" Plaintiff for her errors. Rather, the Court informed Plaintiff of the relevant local rules and gave Plaintiff additional time to file her reply briefs—just not as much time as she had requested. To the extent these rulings were adverse to Plaintiff, "adverse rulings do not constitute grounds for disqualification; rather, bias and prejudice must stem from an extrajudicial source." *Jimenez*, 2013 WL 1218074, at *2 (citing *Am. Ready Mix, Inc. v. Behles*, 14 F.3d 1497, 1501 (10th Cir. 1994); *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citation omitted); *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." (internal quotation marks and citation omitted))). Thus, the Court's prior rulings, including its Memorandum Opinion and Order denying Plaintiff's motions to set aside the parties' settlement agreement and the stipulated order dismissing 14cv0150 with prejudice, do not provide a basis for the undersigned to recuse from presiding over these actions.

<u>The Court's "technical guidance" to Defendants does not provide grounds to recuse.</u>

Plaintiff next complains that the Court provided "technical guidance" to Defendants in its Memorandum Opinion and Order granting Plaintiff's Motion for Leave to File a Fourth Amended Complaint. (*See* Doc. 73 at 13 (citing Doc. 71).) At the time Plaintiff filed her motion to amend (Doc. 40), the Defendants had already filed a motion to dismiss her Third Amended Complaint (Doc. 22). When it granted Plaintiff's motion to amend, the Court denied the motion to dismiss as moot. (*See* Doc. 71 at 6.) The Court directed Defendants to examine Plaintiff's Fourth Amended Complaint and, if necessary, file a new motion to dismiss based on the claims in the operative complaint. (*See id.* at 5.) Plaintiff believes that the Court's direction was "technical guidance" that demonstrates the undersigned's "deep seated favoritism towards Defendants . . . ." (Doc. 73 at 13.)

To the contrary, the Court's decision to deny the Defendants' motion to dismiss was part and parcel of its efforts to conserve resources and expedite results in Plaintiff's three lawsuits. (*See* Doc. 71 at 5 (noting that "since the filing of these motions, this lawsuit has been consolidated" and a decision on the parties' motions "may be dispositive of all of Plaintiff's claims").) The Court's guidance was not a demonstration of favoritism.

This matter is not an "appeal" of 14cv0150.

Plaintiff next contends that "recusal is mandatory when a judge sits on an appeal from any decision or judgment rendered by the judge." (Doc. 73 at 13 (capitalization omitted).) Plaintiff cites to *Swann v. Charlotte-Mecklengurg Bd. of Ed.*, 431 F.2d 135 (4th Cir. 1970), where the defendant school board appealed certain orders of the district court. Circuit Judge Craven had been one of the district court judges to consider the case at its earlier stages. *Id.* at 135. Judge Craven disqualified himself under 28 U.S.C. § 47, which provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." *Id.* at 136 (quoting 28 U.S.C. § 47).

Neither Plaintiff's motions filed in 14cv0150 nor her two additional cases present an "appeal" of her earlier case. The parties' August 17, 2015 stipulated order of dismissal with prejudice was "a final adjudication on the merits," *see Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) (quoting *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001)) (internal citation omitted), and was "thus a 'final judgment,'" *id.* (quoting *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987)). Plaintiff sought an order *setting aside* that final judgment; she did not file an *appeal* of that judgment to the Tenth Circuit. The Court retains jurisdiction to set aside a plaintiff's voluntary dismissal of a final order under Federal Rule of Civil Procedure 60(b). *See id.* at 1243; *see also Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 322 (D.N.M. 2014) (a stipulated order of dismissal with prejudice "terminates federal

7

jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by" Rule 60(b)) (quotation and internal citation omitted). Ultimately, Plaintiff's cases are properly before this Court.

<u>Ms. Grohman has never clerked nor interned for my chambers.</u>

Finally, Plaintiff asserts that Ms. Grohman, who previously represented the defendant in 14cv0150 and was terminated as a named defendant in December 2018 (*see* Doc. 88), previously worked in my chambers as a law clerk or intern. (Doc. 73 at 14–15.) Plaintiff presents no evidence in support of this contention. (*See id.*) Ms. Grohman has never worked in my chambers. From her biography page on the Sargent Shriver National Center on Poverty Law, it appears that Ms. Grohman previously clerked for Chief Judge William P. Johnson in the District of New Mexico. *See Karen F. Grohman*, Shriver Center, https://povertylaw.org/people/Grohman. She has never clerked or interned for me.

In sum, there is no reason that this Court's impartiality might reasonably be questioned under 28 U.S.C. § 455. The Court will deny Plaintiff's motion to recuse.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of Order Consolidating Cases and for Judicial Recusal of the Honorable Brack from Presiding as Judge in this Actions [sic] (Doc. 73) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE