# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LIMING WU,
        Plaintiff,

v.                                                                                                                                  No. CIV 14-0150 RB/KRS

RYAN ZINKE, Secretary of the United States
Department of the Interior, et al.,
        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reconsider Order Due to Newly Discovered Evidence, filed on July 17, 2019. (Doc. 127.) The Court will deny the motion.

## I.    Factual and Procedural Background[1]

Ms. Liming Wu was employed as a geologist with the Bureau of Land Management (BLM), an agency of the United States Department of the Interior (DOI). (Doc. 74 ¶ 4.) In early 2014, Ms. Wu, acting pro se, filed her original civil rights complaint against the DOI in this Court. (*See* Doc. 1.) She retained counsel and filed two amended complaints, bringing claims for race, national origin, and age discrimination; retaliation; and negligence under federal and state law. (*See* Docs. 4; 11-1.) The parties mediated Ms. Wu's claims and eventually signed a settlement agreement (the Agreement) on July 22, 2015. (Docs. 45; 53-1.)

The Agreement provided that any revocation must be delivered by mail no later than July 29, 2015, to be valid. (*See* Doc. 53-1 ¶ 8; 61 at 2.) Ms. Wu informed her attorney on July 27, 2015, that she wanted to revoke the Agreement, and the two met on July 28 to discuss the matter. (*See* Doc. 58 at 3.) Ms. Wu's attorney took the revocation letter to FedEx that evening, and FedEx

---

[1] The Court has recounted this matter's factual background in several previous opinions and incorporates the relevant facts here by reference. (*See*, *e.g.*, Docs. 107 at 1–3; 112 at 4–5.)

delivered the letter on July 30, 2015, one day after the agreed-upon deadline. (*See id.* at 9, 25.)

Pending further settlement negotiations, Ms. Wu was ordered to return to work on August 3, 2015. (*See* Doc. 58 at 5.) At home on August 4, Ms. Wu fell and hit her head, suffering a traumatic brain injury. (*See id.*) The DOI moved to enforce the parties' Agreement on August 4, 2015, but removed the motion because it contained sensitive information. (Doc. 52.) It then filed a second, redacted motion on August 5, 2015. (Doc. 53.) Ms. Wu, through counsel, filed a notice of consent to the DOI's motion—and of her intent to abide by the Agreement—on the same day. (Doc. 54.) The Court granted the DOI's motion. (Doc. 55.) Within a week, Ms. Wu filed a stipulated motion to dismiss the lawsuit, and the Court entered a stipulated order dismissing the case with prejudice. (Docs. 56; 57.) The parties complied with the terms of the Agreement (i.e., the DOI made a $200,000 payment and Ms. Wu retired and dismissed her then-pending complaints and appeals). (*See* Doc. 53-1 ¶¶ 3, 7, 18.)

Since the dismissal of her 2014 lawsuit, Ms. Wu has filed an additional EEOC complaint, two more lawsuits, and has moved to set aside the parties' Agreement. (*See* Docs. 58; 65; 83-C (EEOC complaint, No. DOI-BLM-15-0909); *see also* 17cv0113; 18cv0813.) The Court consolidated her three cases and gave her leave to file a Fourth Amended Complaint. (Docs. 67; 74.) The Court then denied Ms. Wu's motion to set aside the dismissal of the 2014 lawsuit and found that it did not have jurisdiction to set aside the parties' Agreement. (*See* Doc. 107.) It granted in part the Defendants' motion to dismiss her Fourth Amendment Complaint, dismissed all claims stemming from pre-July 22, 2015 conduct, dismissed Ms. Wu's third lawsuit (18cv0813), and directed her to file a Fifth Amended Complaint to clarify her remaining claims. (*See* Doc. 112.)

Ms. Wu appealed several of the Court's opinions and orders. (*See* Doc. 115.) Although her appeal is pending, Ms. Wu then filed another motion to reconsider in this Court. (*See* Doc. 120.)

The Court denied the motion, as well as a second motion to reconsider, because they did not comply with Local Rules and/or this Court's orders. (*See* Docs. 124; 126.) Ms. Wu filed a third motion to reconsider, which is now fully briefed and ready for decision. (*See* Docs. 127; 128; 131.)

**I.    Legal Standards**

Ms. Wu's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

**A.    Motion to Reconsider**

Ms. Wu fails to specify what opinion(s) she would like the Court to reconsider. (*See* Doc. 127.) As she purports to offer evidence to establish that she was coerced into going forward with the parties' Agreement in 2015, the Court presumes that she would like it to reconsider its February 21, 2019 Memorandum Opinion and Order denying her Motion to Set Aside Stipulated Order of Dismissal with Prejudice (Doc. 58) and Motion to Set Aside Settlement Agreement and Order of (sic) Granting Defendant's Motion to Enforce Settlement Agreement (Doc. 65). (*See* Doc. 107.)

She also fails to specify the procedural rule she relies upon. (*See* Doc. 127.) There are three categories of motions to reconsider:

> (i) a motion to reconsider filed within [28] days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to reconsider filed more than [28] days after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion [under rule 54(b)].

*Anderson Living Tr. v. WPX Energy Prod., LLC*, 312 F.R.D. 620, 642 (D.N.M. 2015) (quoting *Price v. Philpot*, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005)). As Ms. Wu did not file her motion

3

with 28 days of an entry of judgment, and these matters were not interlocutory (as the case was dismissed with prejudice in 2015), the Court will analyze her motion under Rule 60(b).

"Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a judgment or order for" a variety of reasons. *See Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 668 (D.N.M. 2017)). The reasons include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). In it February 21, 2019 Opinion, the Court found that sections 60(b)(2), 60(b)(3), and 60(b)(6) were relevant to Ms. Wu's claims. (Doc. 107 at 4.) Ms. Wu does not disagree with that finding. (*See* Doc. 127.)

A party seeking relief under Rule 60(b)(1) through (3) must bring her motion "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "This deadline may not be extended and is not subject to the court's discretion." *Payne*, 322 F.R.D. at 668 (citing Fed. R. Civ. P. 6(b)(2)). A motion under Rule 60(b)(6) does not have a strict time limit, but "must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). "[T]o avoid abrogating the one-year time limit for rule 60(b)(1) to (3), rule 60(b)'s 'provisions are mutually exclusive, and thus a party who failed to take timely action due to [one of the enumerated reasons] may not seek relief more than a year after the judgment by resorting to subsection (6).'"

*Payne*, 322 F.R.D. at 668 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 393 (1993)).

### B.     Federal Rule of Civil Procedure 62.1

Although this matter is on appeal with the Tenth Circuit, Plaintiff asserts that the Court may consider her motion under Federal Rule of Civil Procedure 62.1. (Doc. 127 at 1.) Rule 62.1 provides:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Under this Rule, the Court has jurisdiction to deny Ms. Wu's motion, and it will do so for the reasons explained below.

### III.    Plaintiff has identified no circumstance sufficient for the Court to reconsider its Opinion.

Ms. Wu contends that the Court should reconsider its order because: (1) she obtained new evidence that demonstrates she was coerced to acquiesce to the DOI's motion to enforce the Agreement while she was under the influence of sedatives; (2) the DOI's attorney, AUSA Grohman, "deleted" a Court record in 2015; (3) the Agreement violates the Older Workers Benefit Protection Act (OWBPA), § 201, 104 Stat. 983, 29 U.S.C. § 626(f); (4) the DOI breached the Agreement by failing to send a neutral letter of recommendation, making the Agreement voidable. (Doc. 127.)

### A.     Ms. Wu's new evidence is insufficient to set aside the stipulated dismissal or the Agreement.

Ms. Wu submits new evidence that purportedly establishes she was under the influence of

5

a sedative medication when she filed her Notice of Consent to the DOI's Motion to Enforce Settlement (Doc. 54) on August 5, 2015, and when she filed the Stipulated Dismissal with Prejudice (Doc. 56) on August 12, 2015. (*See* Doc. 127 at 2–3.) The new evidence is an After Visit Summary from Noah D. Freedman, MD. (Doc. 127-1.) The Summary notes "You saw [Dr. Freedman] . . . on Monday March 4, 2019." (*Id.* at 1.) Ms. Wu argues that "Medication Instructions" on page three of the Summary are relevant. (Doc. 127 at 3.) The Medication Instructions provide in part: "You **may have received** sedative medications (general anesthesia, deep sedation, or conscious sedation) while at CHRISTUS St. Vincent. **If you received sedation** please be advised of the following recommendations: . . . Do not make important personal/business decisions or sign any legal documents until you are improved." (Doc. 127-1 at 3 (emphasis added).)

This record has no significance to Ms. Wu's mental state in August 2015. These generic instructions are from a March 2019 record and do not establish that Ms. Wu has ever received sedatives or anesthesia, in August 2015 or otherwise. The Court will not reconsider its Opinion on this basis.

      **B.**      **The removal and refiling of the Motion to Enforce Settlement Agreement did not harm Ms. Wu.**

Ms. Wu accuses AUSA Grohman of "deleting" the DOI's original Motion to Enforce Settlement Agreement that was docketed on August 4, 2015, in a "[p]remeditated scheme" intended to harm Ms. Wu. (Doc. 127 at 3–4.) Ms. Wu believes that the original August 4, 2015 filing, which was docketed on the same day she went to the emergency room due to a traumatic brain injury, amounts to "legal coercion." (*Id.* at 4.) And she contends that AUSA Grohman deleted it from CM/ECF to cover up evidence of the legal coercion. (*Id.* at 5.) Her contention is meritless.

Attorneys do not have authority to "delete" documents from CM/ECF. *See* U.S. District Court, District of N.M., CM/ECF Administrative Procedures Manual, at *17 (available at https://www.nmd.uscourts.gov/sites/nmd/files/NMD_APM.pdf) ("Once a document is filed and becomes part of the official record, corrections to the docket may be made only by Clerk's Office staff.") Moreover, the Court has access to both the original document (Doc. 52) and the docket text, which indicates that AUSA filed the document in error because it contained sensitive information. Accordingly, a staff member from the Clerk's Office effectively "removed" the original document by making it inaccessible to all but Court staff. The Court has also compared the August 4, 2015 motion with the August 5, 2015 motion. (Docs. 52; 53.) There are two differences in the documents, both of which occur within the exhibit (the parties' Agreement). First, in § 18, "Payment": the original motion includes the name, address, and account information for the account to which the settlement amount was to be paid (Doc. 52-1 at 6); and the amended motion redacts this information (Doc. 53-1 at 6). Second, in the attorney's signature block: the original motion includes the attorney's Tax Identification Number (Doc. 52-1 at 8); and the amended motion redacts this information (Doc. 53-1 at 8).

It is common practice to redact sensitive information. Ms. Wu advances no evidence to support her theory that AUSA Grohman's decision to file the motion to enforce on August 4, 2015, was made with the knowledge of Ms. Wu's injury or was intended to harm her.

Ms. Wu also submits photographs of a text message she allegedly received on August 4, 2015, from her employer. (Doc. 127-2.) The text message states in relevant part: "Please call me in the morning to tell me the . . . prognosis and what your plan for the week is. If you will not be attending work, I will need a doctor note no later than Thursday by noon. I hope this is not serious and you feel better soon." (*Id.*) Ms. Wu argues that this text message amounts to "administrative

7

coercion" intended to force her into acquiescing to the DOI's motion to enforce. (Doc. 127 at 4.) The Court finds that this text message is insufficient to show evidence of an intent to coerce Ms. Wu into going forward with the Agreement. The Court declines to reconsider its Opinion on either of these bases.

### C. Ms. Wu has not demonstrated that the parties' Agreement violated the OWBPA.

Next, Ms. Wu contends that the parties' Agreement violated the OWBPA. (Doc. 127 at 5–7.) "The [OWBPA] imposes specific requirements for releases covering [Age Discrimination in Employment Act (ADEA)] claims." *Oubre v. Entergy Ops., Inc.*, 522 U.S. 422, 424 (1998) (citation omitted). For example, the OWBPA provides that "[a]n individual may not waive any right or claim under this chapter unless" she "is given a period of at least 21 days within which to consider the agreement;" and "the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke" it. 29 U.S.C. §§ 626(f)(1), (F)(i) & (G). Ms. Wu claims that the parties' Agreement does not comply with these 21- and 7-day time periods. (Doc. 127 at 5–7.) These time periods, however, do not apply to a settlement agreement of a court action, and the parties' Agreement "is not unenforceable on that basis." *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172–73 (10th Cir. 2013) (citing 29 U.S.C. § 626(f)(2)).

"Nevertheless, in order for a waiver to be considered knowing and voluntary in a court action alleging an ADEA claim, the individual must be given a reasonable period of time within which to consider the settlement agreement, and the waiver must" meet the requirements of §§ 626(f)(1)(A)–(E). *Id.* The Court finds that the Agreement complied with these requirements. First, Ms. Wu and her attorney mediated this matter for five and a half hours at a settlement conference on June 23, 2015. (*See* Doc. 45.) The DOI made a settlement offer that Ms. Wu did not

8

accept on June 23, but the DOI left the offer open through June 26, 2015. (Doc. 53 at 2–3.) Ms. Wu's attorney communicated her acceptance on June 26, and attorneys for the parties continued to exchange several draft settlement agreements over the next week. (*See id.* at 3.) The DOI sent a final version of the Agreement on July 2, 2015. (*See id.*) Section 8 of the Agreement specifies that Ms. Wu "acknowledges that she has been given [21] days to consider this Settlement Agreement," and she "acknowledges, understands, and agrees that if she signs this Settlement Agreement within [21] days of her receipt of the Settlement Agreement, her signature . . . shall constitute a knowing and voluntary waiver of the right to a 21-day consideration period." (Doc. 53-1 § 8.) She signed the Agreement 20 days later, on July 22, 2015. The Court finds that because the parties engaged in court-facilitated mediation, Ms. Wu had the benefit and ongoing advice of an attorney who was actively involved in drafting the Agreement, and Ms. Wu had a period of 21 days to consider the Agreement before she voluntarily signed it on day 20, she had a "reasonable time period" to consider the Agreement under the OWBPA. 29 U.S.C. § 626(f)(2)(B).

The conditions of § 626(f)(1)(A)–(E) were also met. First, the Court finds that "the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate." *Id.* § 626(f)(1)(A). "[T]he waiver specifically refers to rights or claims arising under this chapter." *Id.* § 626(f)(1)(B). (*See also* Doc. 53-1 § 6 (noting that the release of claims includes Ms. Wu's "waiver, withdrawal, and dismissal of . . . all grievances, complaints, demands, appeals, claims, issues or causes of action . . . pursuant to the [ADEA], . . . Title VII of the Civil Rights Act of 1964, . . . and the Rehabilitation Act of 1973").) The waiver did not include "rights or claims that may arise after the date the waiver [was] executed." 29 U.S.C. § 626(f)(1)(C). (*See also* Doc. 53-1 § 6 (noting that the Agreement resolves all claims "arising out of or relating to Plaintiff's

employment with the Agency, up to and including the date [she] signs this Settlement Agreement").) Ms. Wu waived her "rights or claims only in exchange for consideration in addition to anything of value to which [she] already [was] entitled." 29 U.S.C. § 626(f)(1)(D). (*See also* Doc. 53-1 § 9 ("Plaintiff agrees that, with the exception of the consideration specifically described in this Settlement Agreement, she is not entitled to any other consideration. . . in connection with" her claims).) And she was "advised in writing to consult with an attorney prior to executing the agreement." 29 U.S.C. § 626(f)(1)(D). (*See also* Doc. 53-1 § 8 ("Plaintiff acknowledges that this Settlement Agreement constitutes written advice to consult with an attorney before signing this Settlement Agreement.").)

Under these circumstances, the Court finds Ms. Wu's waiver was knowing and voluntary under the OWBPA, and it will not reconsider its opinion on this basis.[2]

### D. Ms. Wu fails to establish that the Agreement is voidable.

Finally, Ms. Wu asserts that the DOI breached the Agreement by failing to send a neutral letter of recommendation. (Doc. 127 at 7.) Thus, she argues, the Agreement is voidable. (*Id.*) Ms. Wu made the same argument in her original motion to enforce the Agreement. (*See* Doc. 65 at 7–8.) As the Court found previously, however, the parties' stipulated order of dismissal did not give the Court authority to enforce the Agreement. (Doc. 107 at 10.) Accordingly, the Court lacks jurisdiction to enforce the Agreement, except as provided under Rule 60(b). (*Id.* (citing *Macias v. N.M. Dep't of Labor*, 300 F.R.D. 529, 551 (D.N.M. 2014)). Under that Rule, the Court found that a failure to send the neutral letter of recommendation "is not extraordinary enough to merit relief under Rule 60(b)(6)." (*Id.* at 8.) The Court noted that Ms. Wu failed to "explain why she did not

---

[2] To the extent that Ms. Wu complains she was required to give mailed rather than electronic notice of her revocation (Doc. 127 at 6), she offers no argument or authority to show that this contractual term was so unfair as to be unenforceable.

simply ask the DOI to provide the letter earlier, nor why the DOI's provision of the letter in response to her motion (*see* Doc. 61-3) is insufficient to accomplish justice." (*Id.*) She still fails to address these questions. (*See* Doc. 127.) Accordingly, the Court will not grant her motion to reconsider on this basis.

## IV. Notice Regarding Ms. Grohman

Ms. Wu previously asserted that AUSA Grohman had worked in my chambers as a law clerk or intern and moved for the undersigned to recuse. (Doc. 73 at 14–15.) The Court denied the motion and stated that Ms. Grohman has never worked in my chambers. (Doc. 110 at 8.) The Court has since learned that AUSA Grohman is now a law clerk for United States Magistrate Judge Steven Yarbrough. The undersigned has no personal relationship with Ms. Grohman. Her employment within this district has no effect on these proceedings, nor does it impact the undersigned's impartiality in this matter. *See* 28 U.S.C. § 455(a).

## V. Conclusion

Ms. Wu fails to come forward with any extraordinary circumstances that would justify relief under Rule 60(b), and the Court will deny her motion under Rule 62.1.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Order Due to Newly Discovered Evidence is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE