IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LIMING WU,

            Plaintiff,

                                                                        14-cv-150-RB-KRS

        v.

RYAN ZINKE, Secretary of
the United States Department of
the Interior, and the UNITED STATES,

            Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO EXTEND

THIS MATTER comes before the Court on Ms. Wu's Supplemental Notice of Appeal and Motion for Extension of Time, filed on May 18, 2020. (Doc. 133.) On March 16, 2020, the Court filed its Memorandum Opinion and Order denying Ms. Wu's Motion to Reconsider Order Due to Newly Discovered Evidence. (Doc. 132.) Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), Ms. Wu's notice of appeal was due within 60 days of March 16, or no later than May 15, 2020. Thus, Ms. Wu's Notice of Appeal, filed on May 18, is untimely.

Defendants urge the Court to deny the motion for two reasons. First, Ms. Wu failed to comply with this Court's Local Rules to request their position on her motion. (Doc. 136 at 1 & n.1 (citing D.N.M. LR-Civ. 7.1(a)).) Rule 7.1(a) provides: "Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." The Court has cautioned Ms. Wu several times in the past about the need to determine whether a motion is opposed under this Court's Local Rules. (*See*, *e.g.*, Docs. 63; 70; 109; 124 at 2.) Defendants also note Ms. Wu's failure to offer any argument to show excusable

neglect or good cause, as required by Federal Rule of Appellate Procedure (a)(5)(A)(ii). (Doc. 136 at 1.) Rule 4(a)(5)(A)(ii) allows this Court to "extend the time to file a notice of appeal if . . . [the] party shows excusable neglect or good cause." In her reply brief, Ms. Wu for the first time offers reasons to demonstrate excusable neglect or good cause. (Doc. 138.) Ms. Wu asserts: (1) she had website problems and was unable to open the Court's opinion until March 18, 2020; (2) her traumatic brain injury causes her "difficulties in daily life" that make it difficult to keep up with her legal issues; and (3) she has been unable to "receive adequate medical care and treatment for her pain and suffering[]" due to the recent pandemic. (Doc. 138 at 2–3.)

**Ms. Wu fails to demonstrate excusable neglect.**

To determine whether a party has shown excusable neglect, the Court considers: (1) "the danger of prejudice to the nonmoving party," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (citation and brackets omitted). "The time for taking an appeal should not be extended in the absence of circumstances that are unique and extraordinary." *Id.* at 1206–07 (quotation marks and citation omitted).

The delay here was short—only three days. Defendants identify no prejudice nor impact on the judicial proceedings if the Court were to allow the motion, so the first two factors favor Ms. Wu. Likewise, Defendants do not argue that Ms. Wu acted in bad faith. Thus the fourth factor also favors Ms. Wu.

Ms. Wu's argument pertains to the third factor. She references her technological difficulties, but these only prevented her from reading the Court's opinion for two days after it was filed and do not provide a basis for excusable neglect. She also contends that her traumatic brain

2

injury makes it difficult for her to keep up with her legal issues. As Defendants argue, however, "[a]lthough [Ms. Wu] appears *pro se*, she has appealed prior orders of this Court and is not unfamiliar with the process." (Doc. 136 at 2 (citing Doc. 115).) They further contend that no later than April 29, 2020, Ms. Wu was aware that she would need to file a separate notice of appeal, because Defendants informed her by email that the March 16, 2020 Opinion "was not part of the pending appeal" and they would "oppose[] her request to supplement the record on appeal" with that Opinion. (*See id.* at 2; Doc. 136-1.) Ms. Wu does not specifically dispute this contention, and this reason does not provide a basis for a finding of excusable neglect. (*See* Doc. 139.)

Finally, Ms. Wu asserts that due to the COVID-19 pandemic, she has not received adequate medical care and treatment. (Doc. 138 at 2–3.) While the Court is certainly aware of the pandemic and sympathetic to the challenges it has caused, Ms. Wu fails to support her argument with any evidence or explanation about how the pandemic caused her to miss the filing deadline. She does not state what medical care or treatments she was receiving that were delayed or cancelled because of the pandemic. The Court agrees that this time period has been extraordinary, but that does not erase Ms. Wu's burden to support her request with evidence in support. *See*, *e.g.*, *Crespin v. City of Espanola*, No. Civ. 11-0913 JB/KBM, 2013 WL 2284958, at *2, (D.N.M. May 10, 2013) (finding excusable neglect where attorney failed to file a timely amended complaint due to recurring depression and submitted an affidavit from his clinical psychologist in support); *see also Cruz v. Reliance Standard Life Ins. Co.*, No. Civ. 18-0974 RB/SCY, 2020 WL 1929405 (D.N.M. Apr. 21, 2020) (finding excusable neglect where attorney failed to file timely response to motion for summary judgment and submitted an affidavit citing disruption to firm's staff caused by COVID-19 coupled with an earlier cyberattack on the firm).

The Tenth Circuit has described the third factor as a "a very important [one]—perhaps the

most important single factor—in determining whether neglect is excusable." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (finding movant failed to show excusable neglect where first, second, and fourth factors weighed in favor of finding excusable neglect, but movant failed to provide sufficient reasons for the delay). Because Ms. Wu has failed to sufficiently support her argument for excusable neglect, the Court will deny her motion to extend on this basis.

**Ms. Wu fails to demonstrate good cause.**

"Good cause comes into play 'in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" *Bishop*, 371 F.3d at 1207 (quoting Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendments). Again, while the recent pandemic may have created circumstances outside the litigants' control, the Court may not grant an extension for good cause without some showing of evidentiary support. Simply put, Ms. Wu has not supported her argument that she had good cause for failing to file a notice of appeal for more than 60 days following the Court's Opinion.

THEREFORE,

IT IS ORDERED that Ms. Wu's Supplemental Notice of Appeal and Motion for Extension of Time (Doc. 133) is **DENIED**.


_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE